HOWSON v. STATE.

Opinion delivered December 3, 1904.

1.  APPEAL—PRESUMPTION AS TO INSTRUCTIONS.—The presumption, where the record does not set out the instructions given to the jury, that the court properly directed the jury not to consider certain evidence in determining the guilt of one of the defendants will not be indulged where the record recites that the court instructed the jury by reading from the statutes the definition of the crime charged and all the law pertaining thereto.  (Page 147.)

2.  EVIDENCE—CONFESSION.—A confession by one of two defendants, made in the other's absence, is inadmissible against the latter.  (Page 147.)

3.  APPEAL—REVERSAL—INCOMPETENT EVIDENCE.—Where evidence admissible against one of two defendants and inadmissible against the other was admitted over the latter's objection, though he failed to ask the court to instruct the jury not to consider it in passing upon his guilt, such admission will be ground for reversal as to him if, without such evidence, there was insufficient testimony to support a verdict against him.  (Page 147.)

Appeal from Lincoln Circuit Court, Varner District.

ANTONIO B. GRACE, Judge.

Affirmed as to Howson; reversed as to Kidd.

*W. B. Sorrells,* for appellants.

*George W. Murphy, Attorney General,* for appellee.

McCULLOCH, J.  The appellants, Howson and Kidd, were jointly indicted, tried and convicted of the crime of grand larceny in stealing a hog.

The testimony establishes the fact that the hog was shot and killed in the woods during the daytime, and was found in a sack on the same night near the home of Howson—about fifty steps from his dwelling house.  Both of the defendants denied killing the hog or having any knowledge of it until it was found by the owner near Howson's home.

Witness Harvey, the owner of the hog, was permitted to testify, over the objection of the defendants, to an alleged confession of Howson, made in the absence of Kidd, in which he declared that Kidd killed the hog. The defendants moved the court to exclude this testimony, but the court overruled the motion, and an exception thereto was duly made. The record does not set forth the instructions given to the jury when the case was finally submitted, and no exceptions thereto were noted. Ordinarily, we would, upon such state of the record, presume that the court properly directed the jury not to consider the alleged statement of Howson in determining the guilt or innocence of Kidd, but we can hardly indulge that presumption here in the face of the record which merely recites that the court instructed the jury from the statutes, reading fully to the jury the definition of larceny and all the law pertaining thereto, to which the defendants did not except.

It was the duty of the court, and would have been the better practice, at the time this testimony was given, to have instructed the jury then upon its admissibility, and to have made plain to them that they could consider it only in passing upon the guilt or innocence of Howson. It was only admissible for that purpose, and can by no rule be sustained as against Kidd, and it was not safe to allow the jury throughout the further progress of the trial, and until the final instructions were given, to rest under the impression that they might consider such testimony for all purposes. We do not hold that this was error for which alone the case should be reversed. The testimony was admissible against Howson, and it was the duty of the defendant Kidd to have asked the court for a specific direction to the jury confining it to that scope, instead of contenting himself with a general objection such as was made.

But the testimony, so far as it connects Kidd with the commission of the offense, is very uncertain and unsatisfactory, and, we think, hardly sufficient, as it appears in the record, to support a conviction. We are persuaded that the jury must have superadded, as against Kidd, this statement of Howson's, in order to find enough testimony to sustain a verdict of conviction.

There is no error as to Howson, and the judgment against him is affirmed; but as to Kidd, the judgment is reversed, and cause remanded for a new trial.